# Borough of Greenville v. Board of Directors of Greenville School District

*Michael Halliday*, for plaintiff.

*Voorhies, Dilley, Keck & Rowley*, for defendants.

RODGERS, P. J., July 10, 1958.—On February 3, 1958, the Borough of Greenville, Mercer County, adopted a resolution of intention to enact one percent wage tax under the authority of 53 PS §6851.

The intention to adopt such an ordinance was advertised in the Record Argus on February 8, 15 and 22, 1958.

On March 1, 1958, the ordinance was adopted, the effective date of said tax to be April 1, 1958.

On March 17, 1958, the Board of Directors of the Greenville School District adopted a resolution of their intention to enact a wage tax under the authority of 53 PS §6851 and on March 24 the school district gave notice to the borough of their intention to enact this tax.

On April 11, 18 and 25, 1958, the Board of Directors of the Greenville School District advertised their intention to adopt a similar one percent tax. Said resolution was adopted on May 19, 1958. The effective date to be July 1, 1958.

This action in equity was brought by the Borough of Greenville against the Board of Directors of the Greenville School District to restrain the latter from adopting or enforcing this tax.

The borough adopted a wage tax of one percent which is the maximum allowed by the enabling act. The act provides that if two political subdivisions impose a tax upon the same subject located within both political subdivisions, then each shall collect at only half of the maximum rate during the time the duplication

exists. Since adoption of a wage tax by the school district automatically reduces the rate collectible by the borough, the latter seeks to restrain the school district from adopting or collecting such tax. This the borough seeks to do by claiming that the school district did not comply with the requirements of the enabling act as to notice which, under certain circumstances at least, must be given to the first political subdivision to adopt the tax.

The section of the enabling act relating to notice states:

"When any one of the above taxes has been levied under the provisions of this act by one political subdivision and a subsequent levy is made either for the first time or is revived after a lapse of time by another political subdivision on the same person, subject, business, transaction or privilege at a rate that would make the combined levies exceed the limit allowed by this subsection, the tax of the second political subdivision shall not become effective until the end of the fiscal year for which the prior tax was levied, unless (1) notice indicating its intention to make such levy is given to the first taxing body by the second taxing body as follows: (i) when the notice is given to a school district it shall be given at least forty-five (45) days prior to the last day fixed by law for the levy of its school taxes; (ii) when given to any other political subdivision it shall be prior to the first day of January immediately preceding, or if a last day for the adoption of the budget is fixed by law, at least forty-five (45) days prior to such last day; or (2) unless the first taxing body shall indicate by appropriate resolution its desire to waive notice requirements in which case the levy of the second taxing body shall become effective on such date as may be agreed upon by the two taxing bodies": Act of June 25, 1947, P. L. 1145, sec. 1(E), as amended, 53 PS §6851.

This provision, insofar as it is material here, was added to the basic act by the Act of May 27, 1953, P. L. 234. Upon the interpretation of its language and spirit turns the resolution of this proceeding.

We adopt the following from the brief of counsel for the school district:

"In construing the act it is proper to look at the occasion and necessity for the law and the object to be obtained: *Statutory Construction Act*, 46 PS 551. The initial provision as to notice relates to the notice which must be given when the first taxing body is a school district. Unlike most municipal subdivisions school districts must adopt their taxes before a deadline fixed by law. It would be a substantial hardship if a school district were deprived of anticipated revenue by another body's adoption of a tax after it was too late for the school district to adopt other means of raising revenue. Therefore, the act provides that notice must be given a school district at least 45 days prior to the last day for levying school taxes.

"When a municipality other than a school district is affected, the notice is to be given 45 days prior to the date fixed by law, if any, for the adoption of its budget. The purpose of notice in this instance is to take care of the similar problem which would arise if a municipality were unexpectedly deprived of revenue which had been allocated in its final budget after it was too late to adopt a revised budget. Notice is to be given to municipal subdivision, other than school districts and those who must adopt a budget by a specified time, prior to the first day of January, 'immediately preceding'. If a municipality is faced with a legal deadline for neither the levy of its taxes nor the adoption of its budget, it is not hamstrung whenever a second municipality adopts a similar tax. The Legislature apparently expected that most political subdivisions would adopt their budgets on or near the first day of January. For convenience

in the preparation of their final budgets the notice was to be given before that date, but the consequences of the duplication of the tax being less serious, notice was not required for any specified length of time prior to the date upon which the municipality might be expected to adopt its final budget.

"No time is fixed by law for the adoption of a final budget by a borough. The Borough of Greenville, in fact, has not yet adopted its final budget. No substantial hardship is caused to the borough by the school district's adoption of a wage tax because the school district's action does not disturb a final budget already adopted nor a tax rate already set. Thus, the purpose of the act in requiring notice would not be served by requiring notice here.

"The borough not only had not levied a wage tax on the first of January last, it had not even taken the first step in that direction. If the school district then contemplated adoption of a wage tax later in the year and it could not levy such a tax except from February through May, it would have no way of knowing that notice must be given the borough before the first of January. The borough now contends that the school district cannot collect the tax until it has given a notice which can only be given before January 1, 1959, that the school district's wage tax will become effective thereafter."

To adopt the construction contended for by the borough would enable the borough to preempt this field for one year simply by delaying an enactment of their tax until January 1st.

This court cannot adopt such a construction. The school district had no way of knowing prior to January 1st that any notice would be required. Notice was in fact given the borough more than 45 days before the adoption of its budget. The intention of the act was served.

## Order

And now, July 10, 1958, the complaint in equity requesting an injunction against the Board of Directors of the Greenville School District is dismissed. The costs shall be paid by plaintiffs.